UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID THURSTON     CIVIL ACTION

VERSUS     NO. 09-013

STATE OF LOUISIANA     SECTION: "J"(5)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# REPORT AND RECOMMENDATION

Presently before the Court is the "Writ for Supervisory Jurisdiction" of petitioner herein, David Thurston. (Rec. doc. 1). For the reasons that follow, it is recommended that Thurston's writ application be dismissed for want of jurisdiction.

Petitioner Thurston is a state prisoner who is currently incarcerated at the Allen Correctional Center, Kinder, Louisiana, where he is serving concurrent sentences of twenty-five years and ten years following his conviction for attempted aggravated rape and possession of pornography involving juveniles. See State v. Thurston, 900 So.2d 846 (La. App. 5th Cir. 2005), writ denied, 918 So.2d 1041 and 918 So.2d 1040 (La. 2006). Despite being advised by the Clerk's Office that an application for federal habeas corpus relief under 28 U.S.C. § 2254, submitted on the form prescribed by Congress for that purpose, [1] is the appropriate cause of action for a state prisoner to challenge his conviction, Thurston has persisted [2] in proceeding with his self-styled Writ for Supervisory Jurisdiction under LSA-C.Cr.P. Art. 930.6 wherein he presents various allegations respecting the validity of his criminal proceedings. (Rec. doc. 1).

---

[1] See Rule 2(d), Rules Governing Section 2254 Cases in the United States District Courts; Appendix of Forms following Rules Governing Section 2254 Cases.

[2] See Rec. doc. 1, p. 6.

Article 930.6 of the Louisiana Code of Criminal Procedure sets forth the manner in which parties to post-conviction relief proceedings in the state trial courts may obtain review of rulings on such matters in the state appellate courts and the Louisiana Supreme Court. As a state rule of procedure, Article 930.6 has no application to cases pending in federal court nor does it provide some self-standing federal cause of action to state prisoners aggrieved by the outcome of state post-conviction proceedings. Federal courts, as courts of original jurisdiction, do not sit as appellate courts to review, modify, nullify, or enforce the orders of the state courts. Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.), cert. denied, 513 U.S. 906, 115 S.Ct. 271 (1994) (quoting Kimball v. Florida Bar, 632 F.2d 1283, 1284 (5th Cir. 1980)).

Habeas corpus is the exclusive initial remedy for state prisoners to challenge the validity of their convictions or the lawfulness of their confinement. Hill v. McDonough, 547 U.S. 573, 579, 126 S.Ct. 2096, 2101 (2006); Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 1836 (1973). Congress has prescribed a form for that purpose and the use of such forms, or their substantial equivalent, is required. See footnote 1, supra. If Thurston is desirous of challenging his conviction in this Court, he should complete and submit the standardized habeas form under § 2254. For present purposes, however, the Court lacks jurisdiction to entertain his Writ for Supervisory Jurisdiction under Article 930.6.

## RECOMMENDATION

For the foregoing reasons, it is recommended that petitioner's Writ for Supervisory Jurisdiction be dismissed for want of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal, the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   17th   day of March, 2009.

Alma L. Chasez
UNITED STATES MAGISTRATE JUDGE